IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NO 1 GOLD BUYER, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:15-cv-3014 |
| | § | |
| SENTINEL INSURANCE COMPANY, LTD., TRACEY WATSON, AND JOHN DOE | § § § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Defendant Sentinel Insurance Company, Ltd. ("Sentinel" or "Defendant") files this Notice of Removal and, in support thereof, would show the Court as follows:

1. On August 25, 2015, Plaintiff No 1 Gold Buyer, Inc. ("Plaintiff") filed its Original Petition (the "Petition") in Cause Number 2015-49767, in District Court of Harris County, Texas. Defendant Sentinel was served on September 14, 2015. Defendant Sentinel filed its answer on October 2, 2015.

2. Pursuant to 28 U.S.C. § 1446(a) attached hereto are copies of all process, pleadings and orders served upon Defendant and all pleadings and orders in the removed case. In particular: (i) an index of the matters filed herewith is attached as Exhibit A; (ii) a copy of the citation and executed service return for Defendant Sentinel is attached as Exhibit B; (iii) a copy of the Plaintiff's petition is attached as Exhibit C; (iv) a copy of Defendant Sentinel's answer is attached as Exhibit D; (v) a copy of the docket sheet in the state court action is attached as Exhibit E; and (vi) a list of all counsel of record, including addresses, phone numbers, and the parties represented is attached as Exhibit F.

3. This notice of removal is timely filed under 28 U.S.C. §1446(b) because it is filed within thirty days after Defendant Sentinel first received a copy of a paper from which it could first be ascertained that the case is one which is or has become removable; *i.e.*, Plaintiff's Petition.

4. The claims asserted against Defendant are civil actions over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. At the time this action was commenced, Plaintiff was, and still is a citizen of the State of Texas because it is a Texas corporation with its principal place of business in Houston, Texas. Defendant was, at the time this action was commenced, and still is, a citizen of the State of Connecticut because it is incorporated under the laws of the State of Connecticut and has its principal place of business in Connecticut. Thus, complete diversity of citizenship exists.

5. The citizenship of Tracy Watson and John Doe should be disregarded because they have been fraudulently mis-joined. *See, e.g., In re Benjamin Moore & Co.*, 318 F. 3d 626, 630-31 (5th Cir. 2002); *Salazar v. Lopez*, 2013 WL 11244302, *1 (N.D. Tex. Mar. 18, 2013). More specifically, Plaintiff has sued Sentinel under an insurance policy seeking additional coverage for personal property allegedly stolen from Plaintiff's jewelry store. Plaintiff has asserted the following causes of action against Sentinel: breach of contract, fraud and misrepresentation, violation of the Texas Insurance Code, Texas Deceptive Trade Practices-Consumer Protection Act, and "bad faith," all of which are premised on under-payment of insurance proceeds. *See* **Ex. C** at pp. 2-4. Plaintiff has sued by Mr. Watson and Mr. Doe, the individuals who committed the robbery, for statutory theft and/or conversion and conspiracy to commit theft and/or conversion. *See id.* at p.4. Plaintiff's alleged right to relief against Sentinel, on the one hand, and the alleged robbers Watson and Doe, on the other, does not arise out of the

same transaction, occurrence, or series of transactions or occurrences and does not involve even a single common question of law or fact.  Further, the attempt by Plaintiff to join these bad actors with Sentinel, which had no connection with the alleged robbery, demonstrates the egregiousness of the mis-joinder.  Therefore, the Court may disregard the citizenship of the individual defendants for purposes of diversity of citizenship.

6. The amount in controversy exceeds $75,000 based on Plaintiff's Petition.

7. The one-year statute of limitation on removal of diversity cases imposed by 28 U.S.C. § 1446(b) does not prevent removal because this action was commenced less than one year ago.

8. <u>Notice to State Court</u>.  Pursuant to 28 U.S.C. § 1446(d), Defendant intends to serve written notice of this removal on the state court promptly after filing this Notice of Removal.

FOR THESE REASONS, Defendant hereby effectuates removal of this cause to this Court.

Respectfully submitted,

/s/ *Laura J. Grabouski*
Laura Grabouski
State Bar No:  24031595
Brittan L. Buchanan
State Bar No: 03285680
**BUCHANAN DIMASI DANCY & GRABOUSKI LLP**
9600 Great Hills Trail, Suite 300 West
Austin, Texas 78759
Telephone:    512.225.2800
Facsimile:    512.225.2801
lgrabouski@bddglaw.com
bbuchanan@bddglaw.com
**ATTORNEYS FOR DEFENDANT SENTINEL INSURANCE COMPANY, LTD.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 14, 2015, a true and complete copy of the above and foregoing instrument has been served via facsimile, electronically and/or certified mail, return receipt requested on Plaintiff's counsel of record as follows:

Danny M. Sheena, P.E.
State Bar No:  00792830
Jason P. Scofield
State Bar No:  24060578
The Sheena Law Firm
2500 West Loop South, Suite 518
Houston, Texas 77027
Telephone: 713-224-6508
Facsimile: 713-225-1560
Email: Danny@sheenalawfirm.com

                                /s/ *Laura J. Grabouski*
                                Laura J. Grabouski