CAUSE NO._____

| | | |
|---|---|---|
| NO 1 GOLD BUYER, INC. | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| SENTINEL INSURANCE | § | |
| COMPANY, LTD., | § | |
| TRACEY WATSON, and | § | |
| JOHN DOE | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND
## REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, NO 1 GOLD BUYER, INC., and files this lawsuit complaining of

Defendants (1) SENTINEL INSURANCE COMPANY, (2) TRACEY WATSON, and (3)

JOHN DOE, and would show the Court the following:

I.
PARTIES

1.      Plaintiff is a Texas corporation.

2.      Defendant Sentinel Insurance Company is a foreign entity doing business

in Harris County, Texas and it may be served via service upon its registered agent:

C T Corporation System
1999 Bryan Street Suite 900
Dallas TX 75201 -3136

3.      Defendant Tracey Watson is a Texas resident residing in Harris County,

Texas and he may be served at the following address:

Tracey Watson
2310 Crescent Park Drive
Houston, Texas 77077

EXHIBIT C

4.      Defendant John Doe is on information and belief a resident of Harris County, Texas.  Defendant John Doe's correct name and address is unknown at this time, but will be supplemented as discovery progresses.

## II.
## JURISDICTION AND VENUE

5.      Jurisdiction and Venue are proper with this Court, because Plaintiff's seek an amount of damages within the jurisdictional limits of this Court, at least one defendant is resident of Harris County, Texas, and some or all of the events giving rise to this lawsuit occurred in Harris County, Texas.

## III.
## FACTS

6.      Plaintiff operates a jewelry business at 11660 Westheimer, Suite 111, Houston, Texas ("Store"). On or about August 14, 2014, Defendant Tracey Watson in conspiracy with John Doe committed an armed robbery at the Store.   Defendant Watson pawned some of the stolen property at Ashford Pawn thereafter.   At the time of the robbery, Plaintiff was insured by Sentinel under policy 61ETX44563. The policy covered Plaintiff's Store, and all items therein. Plaintiff subsequently filed a claim on the policy and has complied with all requests from the insurer. Defendant Sentinel has refused to honor the policy and Defendant Watson has not returned the stolen items.    Defendant Watson was charged criminally with this theft offense.

## IV.
## CAUSES OF ACTION AGAINST SENTINEL

Count 1 – Breach of Contract:

7.      A valid enforceable insurance contract exists between Defendant Sentinel and Plaintiff. Plaintiff tendered performance under the contract, but Sentinel refused to

perform under the contract and make the required payments to Plaintiff under the contract. Defendant's breach of the contract caused Plaintiff damages. Defendant Sentinel breached the contract by failing to timely make payment for a covered loss, and such action of Defendant caused Plaintiff damages.

Count 2- Fraud and Misrepresentation:

8.       Defendant Sentinel through its agents represented to Plaintiff that its property would be covered in the event of a theft. Plaintiff relied on Defendant's statements and did not purchase additional or alternate coverage. Defendant now refuses to pay the covered loss or honor its policy. Defendant Sentinel through its agents made material misrepresentations, Plaintiff relied on those misrepresentations, and as a result Plaintiff has suffered severe financial hardship and injury.

Count 3 – Violation of the Texas Insurance Code:

9.       Defendant Sentinel has denied Plaintiff's claim in bad faith. Defendant Sentinel has also made false statements of material fact concerning the benefits and terms of Plaintiffs' policy. Defendant's actions constitute violations of Texas Insurance Code §542.003, 542.058, 541.003, 541.051, 541.060, and 541.061.

Count 4 – Violation of the Texas Deceptive Trade Practices Act:

10.       Defendant's misrepresentations, fraud, and violations of Texas Insurance Code constitute violations of the Texas Deceptive Trade Practices Act. Further, the denial of Plaintiffs' claim was done knowingly and intentionally.

Count 5 – Bad Faith:

11.       An insurance contact existed between the Plaintiffs and Defendant Sentinel. This insurance contract created a duty of good faith and fair dealing which

Defendant breached when it denied payment when liability was reasonably clear. Defendant's breach proximately caused Plaintiffs' damages for which Plaintiffs now sue. Plaintiffs hereby bring a cause of action for bad faith, independent of Plaintiffs' claims under the Texas Insurance Code. See ***Provident Am. Ins. Co. v. Castaneda***, 988 S.W.2d 189, 193 (Tex. 1998); ***Universe Life Ins. Co. v. Giles***, 950 S.W.2d 48, 50-51 (Tex. 1997).

## V.
## CAUSES OF ACTION AGAINST WATSON AND DOE

Count 1 – Statutory Theft and/or Conversion:

12.     Defendants Watson and Doe took Plaintiff's property without legal authority, and employed force to do so. Demand for return of the property has been made but the property has not been returned.  Accordingly, Plaintiff asserts claims against Defendants Watson and Doe for Statutory Theft and Conversion.   As a proximate result of Defendant's conduct, Plaintiff sustained damages.

Count 2 – Conspiracy:

13.     Plaintiff incorporates the above paragraphs as if fully stated herein. Defendant Watson acted in conspiracy with John Doe to commit the offense of theft and conversion.

## VI.
## DAMAGES

14.     Plaintiff incorporates by reference the above paragraphs. The acts of Defendants were the direct and proximate cause of Plaintiff's injuries. Plaintiff has suffered financial loss. Plaintiff seeks recovery of its actual economic damages as well as statutory damages where applicable in the amount between $200,000 to $1,000,000.

## VII.
## ATTORNEY FEES

15.     Plaintiff incorporates by reference the above paragraphs. Plaintiff presented Defendants with their allegations and demands, but Defendants failed to respond.  Plaintiff was forced to hire the undersigned attorney to pursue its rightful claims, and Plaintiff agreed to pay the attorney reasonable attorney's fees for his service. Pursuant to Texas Civil Practices & Remedies Code §38, Plaintiff is entitled to recover its reasonable attorney's fees in this matter, for which Plaintiff hereby sues.

VIII
REQUESTS FOR DISCLOSURES

16.     Defendants are hereby requested to disclose the items and materials outline in Rule 194 of the Texas Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited and commanded to appear and answer this lawsuit, and that upon final hearing, Plaintiff be awarded a judgment of and against the Defendants for damages, attorneys fees, for costs of Court, for prejudgment and post judgment interest, as allowed by law, and for such any further relief to which Plaintiffs may be entitled.

Respectfully submitted,

**THE SHEENA LAW FIRM**

By: *Danny M. Sheena*
DANNY M. SHEENA, P.E.
State Bar No. 00792830
E-mail:  Danny@sheenalawfirm.com
JASON P. SCOFIELD
State Bar No. 24060578
The Binz Law Center
2500 West Loop South, Suite 518
Houston, Texas 77027
(713) 224-6508
(713) 225-1560 Facsimile
**ATTORNEYS FOR PLAINTIFFS**