# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| NO. 1 GOLD BUYER, INC., § | | |
|     *Plaintiff* § | | |
| § | | |
| vs. § | Civil Action No. | |
| § | | |
| SENTINEL INSURANCE COMPANY, § | 4:15-CV-3014 | |
| LTD.; TRACEY WATSON, *and* JOHN § | | |
| DOE, § | | |
|     *Defendants* § | | |
| § | | |

## PLAINTIFF'S MOTION TO REMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE LEE H. ROSENTHAL:

COMES NOW, Plaintiff NO. 1 GOLD BUYER, INC., who by and through their undersigned attorney file this *Plaintiffs' Motion for Remand to State Court and for Costs and Sanctions* ("Motion"), and in support thereof would respectfully show the Court the following:

### I. Summary

1.   The Court should remand this case back to the 125th Judicial District Court of Harris County, Texas because there is no basis for removal. Plaintiff sued Defendant SENTINEL INSURANCE COMPANY, LTD. ("Sentinel") and two individuals, Defendants TRACEY WATSON ("Watson") and JOHN DOE ("Doe").

2.   Plaintiff has asserted valid claims under Texas law against all parties. In light of the Court's own jurisprudence on the issue, there was no improper joinder, and thus the Court should remand the case because it lacks diversity jurisdiction.

## II. Background

**A.     Factual Background**

3.     The following is taken from *Plaintiff's Original Petition and Request for Disclosures* ("Petition")[1]:

    a)     Plaintiff operates a jewelry business at 11660 Westheimer, Suite 111, Houston, Texas ("Store");

    b)     On or about August 14, 2014, Defendant TRACEY WATSON ("Watson") in conspiracy with Defendant JOHN DOE ("Doe") committed an armed robbery at the Store;

    c)     Defendant Watson pawned some of the stolen property at Ashford Pawn thereafter;

    d)     At the time of the robbery, Plaintiff was insured by Defendant Sentinel under policy number 61ETX44563 (the "Policy");

    e)     The Policy covered Plaintiff's Store, and all items therein;

    f)     Plaintiff subsequently filed a claim on the policy and has complied with all requests from Defendant Sentinel;

    g)     Defendant Sentinel has refused to honor the policy and Defendant Watson has not returned the stolen items, and Defendant Watson was also charged criminally with this theft offense.

**B.     Procedural Background**

4.     On August 25, 2015, Plaintiff filed its Petition in the 125th Judicial District Court of Harris County, Texas.

5.     On September 15, 2015, Defendant Sentinel was served with process.[2]

---

[1] ECF No. 1-4.
[2] ECF Nos. 1-3, 1-6.

6. On October 2, 2015, Defendant Sentinel filed its *Defendant's Original Answer* ("Answer").

7. On October 14, 2015, Defendant Sentinel removed the case to this Court.[3] As its basis for removal, it alleged that Defendants Watson and Doe were improperly joined merely because Plaintiff's claims against them were based on Sentinel's denial of coverage, even though Plaintiff's insurance claims were the direct result of their wrongful acts.

### III. Arguments and Authorities

**A.    Removal and remand in general**

8. A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. 28 U.S.C. § 1441(a). Because federal courts are courts of limited jurisdiction, the removing party bears the burden of showing that federal jurisdiction exists and the removal was proper. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The exercise of removal jurisdiction raises significant federalism concerns; therefore, courts must construe removal statutes strictly. *See Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996). Uncertainties about whether an action may be removed, should be construed against removal and in favor of remand. *See Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Crossroads of Texas, LLC v. Great–West Life & Annuity Ins. Co.*, 467 F. Supp.2d 705, 708 (S.D. Tex. 2006).

**B.    Improper joinder**

9. A federal court has subject–matter jurisdiction based on diversity of citizenship "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). However, a suit is not removable to federal court on the basis of diversity jurisdiction if "if any of the parties in interest **properly joined**

---

[3] *Notice of Removal*, ECF No. 1.

and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added).

10.     To establish that a non–diverse (that is, in–state) defendant has been improperly joined for the purpose of defeating diversity jurisdiction, the removing party must prove one of two things: (1) that there has been actual fraud in the pleading of jurisdictional facts or (2) that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against that party in state court. Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568,573 (5th Cir. 2004) (en banc). "The burden of proving a fraudulent [i.e. improper] joinder is a heavy one." Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 259 (5th Cir. 1995).

11.     The second prong is determined by whether a plaintiff has asserted a valid state–law cause of action against the in–state defendant. Smallwood, 385 F.3d at 573. The test is whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in–state defendant." Id.; Badon v. R J R Nabisco Inc., 224 F.3d 382, 390 (5th Cir. 2000).

12.     To determine whether there is a reasonable basis to predict whether the plaintiff might be able to recover against an in–state defendant, a court may conduct a "Rule 12(b)(6)–type" analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Smallwood, 385 F.3d at 573. Generally, if the plaintiff can survive such a challenge, there is no improper joinder. Id.[4] A court should not "determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff may do so." Rodriguez v. Sabatino, 120 F.3d 589, 591 (5th Cir. 1997).

---

[4] When a plaintiff has misstated or omitted discrete facts that would determine the propriety of joinder, a court "may, in its discretion, pierce the pleadings and conduct a summary inquiry." Id.

13. The state court petition on the date of removal controls the analysis. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *Cavallini*, 44 F.3d at 264. A court should "evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff", and "then examine relevant state law and resolve all uncertainties in favor of the non–removing party." *Cavallini*, 44 F.3d at 259 (quoting *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205-06 (5th Cir. 1983), *cert. denied*, 464 U.S. 1039 (1984)). If the petition reveals a reasonable basis of recovery on one cause of action, the federal district court must remand the entire suit to state court. *Rubin v. Daimlerchrysler Corp.*, No. 4:04-CV-4021, 2005 U.S. Dist. LEXIS 42102, 2005 WL 1214605, at *2 (S.D. Tex. May 20, 2005).

14. In the "Rule 12(b)(6)–type" analysis to determine whether an in–state defendant was properly joined, this Court and other courts apply the state court (Texas) pleading standards and not the federal pleading standards under Rule 12(b)(6). *Edwea, Inc. v. Allstate Ins. Co.*, No. 4:10-CV-2970, 2010 U.S. Dist. LEXIS 129582, at *12-18 (S.D. Tex. June 23, 2010) (collecting cases); *Geer v. Allstate Fire & Cas. Ins. Co.*, No. 2:15-CV-95, 2015 U.S. Dist. LEXIS 97942, at *7-9 (S.D. Tex. Jul. 28, 2015) (J. Tagle); *Benavides v. Chrysler Group LLC*, No. 7:14-CV-518, 2014 U.S. Dist. LEXIS 158188, at *4-5 (S.D. Tex. Oct. 9, 2014) (J. Alvarez); *Garcia v. LG Elecs. USA Inc.*, 2011 U.S. Dist. LEXIS 67165, at *7-9 (S.D. Tex. June 23, 2011) (J. Hanen).

15. Under Texas fair–notice standards, the question is "whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000); *see also* TEX. R. CIV. P. 45(b) (petition must "consist of a statement in plain and concise language of the plaintiff's cause of action . . . . That an allegation be evidentiary or be of legal conclusion shall not

be grounds for objection when fair notice to the opponent is given by the allegations as a whole."), TEX. R. CIV. P. 47(a) (claim must include "a short statement of the cause of action sufficient to give fair notice of the claim involved."). Under the Texas fair–notice standard, "[a] petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim. The purpose of this rule is to give the opposing party information sufficient to enable him to prepare a defense." *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982).

### C. Plaintiff has plead valid claims under Texas law against Defendants Watson and Doe

16. Because there is no allegation of actual fraud in the pleading of jurisdictional facts, the only issue for the Court to decide is whether Plaintiff plead valid claims under Texas law against Defendants Watson and Doe, under the legal standards above.

#### 1. Statutory theft

17. Plaintiff has asserted a valid cause of action against Defendants Watson and Doe for statutory theft, that is, an action under the Texas Theft Liability Act, Texas Civil Practices Remedies Act chapter 134 ("TTLA").

18. Under the Texas Theft Liability Act ("TTLA"), a person who commits theft by unlawfully appropriating property with intent to deprive the owner of property is liable for the resulting damages. TEX. CIV. PRAC. & REM. CODE ANN. §§ 134.002(2), 134.003(a); TEX. PENAL CODE ANN. § 31.03(a) (2009). Appropriation of property is unlawful if it is without the owner's effective consent. *Id*. § 31.03(b)(1).

19. Plaintiff has plead sufficient facts to give the Defendants in the case fair notice of a claim under the TTLA against Defendants Watson and Doe: Watson and Doe committed an armed robbery (using force) at Plaintiff's store and later tried to pawn the stolen merchandise. It can be

reasonably inferred that trying to pawn merchandise stolen from and belonging to another evidences an intent to deprive that person of his or her property without his or her consent.

20.     Plaintiff has lost the value of the property stolen property, which has not been returned.

### 2.     Conversion

21.     Plaintiff has asserted a valid cause of action against Defendants Watson and Doe for conversion under Texas law.

22.     The elements of a conversion claim are (1) the plaintiff owned or had possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property. *Khorshid, Inc. v. Christian*, 257 S.W.3d 748, 758–59 (Tex. App.—Dallas 2008, no pet.).

23.     As noted earlier, Defendants and Watson used force to rob Plaintiff's store. By doing so, they unlawfully and without authorization assumed possession of the stolen merchandise. By attempting to pawn that merchandise, both the robbery itself and the attempt to pawn the stolen merchandise constituted an unauthorized assumption and exercise of control over that property, inconsistent with Plaintiff's rights as the owner. Plaintiff has demanded the return of the stolen property, but Defendant Watson has refused to do so. Presumably, in the event that Defendant Doe can be identified, he would also refuse to return the property.

### 3.     Conspiracy

24.     Plaintiff has asserted a valid cause of action against Defendants Watson and Doe for conspiracy.

25.     Under Texas law, the elements of conspiracy are (1) defendants were a combination of two or more people; (2) the object of the combination was to accomplish an unlawful purpose or a

lawful purpose by unlawful means; (3) the members had a meeting of the minds on the object or course of action; (4) one of the members committed an unlawful, overt act to further the object or course of action; and the plaintiff suffered injury as a proximate result of the wrongful act. *Ernst & Young v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 583 (Tex. 2001); *Transport Ins. Co. v. Faircloth*, 898 S.W.2d 269, 278 (Tex. 1995); *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983).

26.     Defendants Watson and Doe robbed Plaintiff's store together. This constituted two or more persons who acted in combination to achieve an unlawful purpose, who in doing so can be reasonably inferred to have had a meeting of the minds on the robbery, and committed overt acts to further their plan to rob Plaintiff's Store. As such, as a result of the robbery, Plaintiff suffered injuries as a proximate result of their wrongful acts.

**D.     The legal authority cited by Defendant Sentinel is inapplicable**

27.     In its *Notice of Removal*, Sentinel cited to *In re Benjamin Moore & Co.*, 318 F. 3d 626, 630-31 (5th Cir. 2002) and *Salazar v. Lopez*, No. 3:13-cv-188-M, 2013 U.S. Dist. LEXIS 36683 (N.D. Tex. Mar. 18, 2013). However, neither of these cases support Sentinel's contention that joinder of Defendants Watson and Doe were improper.

28.     In *Benjamin Moore*, the Fifth Circuit affirmed an order of remand, concluding that it lacked jurisdiction to review the district court's ruling on misjoinder preceding its order of remand. 318 F.3d at 631.

29.     In *Salazar*, the plaintiffs sued their physician and hospital (both citizens of Texas) for negligence related to the insertion of a pelvic mesh product to treat urinary incontinence, and then amended their petition to assert product defect claims against the manufacturer (a citizen of Delaware and Massachusetts). 2013 U.S. Dist. LEXIS 36683, at *2-3. The court remanded the case to state court, finding that "the claims [against both diverse and non-diverse defendants were]

not wholly distinct, nor are they so disconnected factually or legally as to make their joinder a sham." *Id*. at *9.

## IV. Prayer

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that the Court enter an order remanding this case back to the 125th Judicial District Court of Harris County, Texas and for all other relief to which it is justly entitled.

THE SHEENA LAW FIRM

By: /s/ *Danny M. Sheena*
DANNY M. SHEENA, P.E.
State Bar No. 00792830
S.D. Texas Attorney No. 19110
Danny@sheenalawfirm.com
HUNG MICHAEL NGUYEN
State Bar No. 24056040
S.D. Tex. Atty. No. 711423
mike@sheenalawfirm.com
2500 West Loop South, Suite 518
Houston, Texas 77027-4508
(713) 224-6508
(713) 225-1560 Facsimile
**ATTORNEY FOR PLAINTIFF
NO. 1 GOLD BUYER, INC.**

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 31st day of October 2015, a true and correct copy of *Plaintiff's Motion to Remand* was sent to all parties requesting notification through the Court's ECF system.

    Laura Grabouski
    lgrabouski@bddglaw.com
    Brittan L. Buchanan
    bbuchanan@bddglaw.com
    BUCHANAN DIMASI DANCY & GRABOUSKI LLP
    9600 Great Hills Trail, Suite 300 West
    Austin, Texas 78759
    (512) 225-2800
    (512) 225-2801 Facsimile
    **ATTORNEYS FOR DEFENDANT**
    **SENTINEL INSURANCE COMPANY, LTD**.

                      /s/ *Danny M. Sheena*
                      Danny M. Sheena