Case 4:15-cv-03014 Document 19 Filed in TXSD on 03/06/16 Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
March 07, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NO. 1 GOLD BUYER, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-15-3014 |
| § | |
| SENTINEL INSURANCE CO., LTD., § | |
| TRACEY WATSON, AND JOHN DOE, § | |
| § | |
| Defendants. § | |

### MEMORANDUM AND OPINION

This is an insurance dispute arising from the robbery of a jewelry store. No. 1 Gold Buyer, Inc., sued its insurer, Sentinel Insurance Co., Ltd., and the two individuals who robbed the store, Tracey Watson and an unidentified "John Doe," in Texas state court. Gold Buyer alleged that Sentinel failed to pay policy proceeds for property stolen in the armed robbery that Watson and Doe committed in August 2014. Gold Buyer asserted state-law causes of action against Sentinel for breach of contract, fraud, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Consumer Protection Act. As to Watson and Doe, Gold Buyer asserted state-law causes of action for conversion, civil conspiracy, and violation of the Texas Theft Liability Act ("TTLA"). Sentinel timely removed on the basis of diversity jurisdiction, (Docket Entry No. 1), and Gold Buyer moved to remand because it shares Texas citizenship with Watson, (Docket Entry No. 6).

Based on the pleadings, the motions and responses, and the applicable law, the court grants Gold Buyer's motion to remand for lack of federal subject-matter jurisdiction. The reasons are explained below.

I.  **Background**

Gold Buyer is a jewelry store with its only place of business in Houston, Texas. Sentinel, a Connecticut corporation with its principal place of business in Connecticut, issued Gold Buyer a policy covering stolen property. On August 25, 2015, Gold Buyer sued Sentinel, Watson, and Doe in the District Court of Harris County, Texas. In the state-court petition, Gold Buyer alleged that after Watson and Doe robbed the store in August 2014, Gold Buyer submitted the property-loss claim to Sentinel, which "refused to honor the policy." (Docket Entry No. 1, Ex. 4 at p. 2). Gold Buyer alleged that Watson did not "return[] the stolen items," but rather "pawned some of the stolen property at Ashford Pawn," and that he was indicted for theft. (*Id.*).

Sentinel removed, arguing that Gold Buyer improperly joined Watson to defeat federal diversity jurisdiction. (Docket Entry No. 1). Gold Buyer moved to remand, (Docket Entry No. 6), and Sentinel responded, (Docket Entry No. 13).

II.  **The Applicable Law**

A defendant has the right to remove a case to federal court when federal jurisdiction exists and the removal procedure is properly followed. 28 U.S.C. § 1441. The removing party has the burden of establishing that a state-court suit is removable to federal court. *See Delgado v. Shell Oil Co.*, 231 F.3d 165, 178 n.25 (5th Cir. 2000); *see also Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) ("[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court."). Doubts about the propriety of removal are resolved in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

If federal jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, an action is removable only if none of "the parties in interest properly joined and served as defendants is a

citizen of the State in which [the] action is brought." 28 U.S.C. § 1441(b)(2). A case may be removed despite the presence of a resident defendant if the removing defendant shows that the resident defendant was improperly joined. *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006). The removing party must prove either that there has been actual fraud in the pleading of jurisdictional facts or that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against that party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). "[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state [or nondiverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state [or nondiverse] defendant." *Id.* The factual allegations in the state court petition are considered in the light most favorable to the plaintiff, and any contested fact issues are resolved in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

In determining whether the plaintiff can establish a cause of action against the nondiverse party in state court, "the Texas pleading standard applies." *Int'l Energy Ventures v. United Energy Grp.*, 800 F.3d 143, 149 (5th Cir. 2015). "Under the Texas fair notice pleading standard, the pleading need only allow an opposing attorney of reasonable competence to ascertain the nature and basic issues of controversy and testimony probably relevant." *Id.* (alterations omitted) (quotation marks omitted). Section 1441's "holistic approach to removal mandates that the existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court." *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

**III.     Analysis**

The parties do not dispute that the jurisdictional minimum has been met or that both Gold Buyer and Watson are Texas citizens. Because Sentinel has not alleged fraud in the removal, Sentinel must show that there is no reasonable possibility that Gold Buyer will be able to establish a cause of action against Watson in state court. *See Smallwood*, 385 F.3d at 573. If Sentinel fails to meet this "heavy" burden, remand is required. *See Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

**A.     Whether There Is No Reasonable Possibility Gold Buyer Can Establish a Cause of Action Against Watson in State Court**

There is a reasonable possibility that Gold Buyer could establish a cause of action against Watson on its claim under the TTLA. "For all [TTLA] claims, the plaintiff must establish: (1) the plaintiff had a possessory right to property or was the provider of services; (2) the defendant unlawfully appropriated property or unlawfully obtained services in violation of certain sections of the Penal Code; and (3) the plaintiff sustained damages as a result of the theft." *Wellogix, Inc. v. Accenture, LLP*, 788 F. Supp. 2d 523, 542 (S.D. Tex. 2011).

Gold Buyer has pleaded facts giving a reasonable attorney fair notice of a claim under the TTLA against Watson. Gold Buyer alleges that Watson committed armed robbery, stole its merchandise, and was later indicted for the theft. Gold Buyer alleges that it suffered damages from the loss of its merchandise. These allegations state a TTLA cause of action.

Sentinel argues that Gold Buyer's subrogation clause in the insurance policy allows Sentinel a cross-claim in subrogation against Watson if Gold Buyer recovers against him, and that Sentinel, not Gold Buyer, will recover the damages. (Docket Entry No. 13 at p. 3–4). The clause states: "If

any person or organization to or for whom we make payment under this policy has rights to recover damages from another, those rights are transferred to us to the extent of our payment." (*Id.* at 3).

Whether Sentinel cross-claims against Watson does not affect whether Gold Buyer has a reasonable possibility of recovery against Watson. Indeed, Sentinel can succeed on a subrogation cross-claim only if Gold Buyer first prevails on its claims against Watson. "An insurer's right to subrogation originates from an insured's cause of action against a third party. If the insured has no cause of action, there can be no subrogation." *Mendez v. Allstate Prop. & Cas. Ins. Co.*, 231 S.W.3d 581, 585 (Tex. App.—Dallas 2007, no pet.) (citations omitted). The assertion of Sentinel's cross-claim against Watson does not equate to or show that there is no reasonable possibility that Gold Buyer can recover against Watson in state court.

**B.     Whether the Claims Against Sentinel and Watson Are Fraudulently Misjoined**

Sentinel also argues that Gold Buyer's claims against it and Watson were fraudulently misjoined to defeat diversity jurisdiction. The Eleventh Circuit has held that "[m]isjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action. A defendant's right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated in part on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). The Fifth Circuit has not squarely addressed the issue but has cited the Eleventh Circuit precedent with approval. *In re Benjamin Moore & Co.*, 318 F.3d 626, 630–31 (5th Cir. 2002) ("[W]ithout detracting from the force of the *Tapscott* principle that fraudulent misjoinder of plaintiffs is no more permissible than fraudulent misjoinder of defendants to circumvent diversity jurisdiction, we do not reach its application in this case.").

Courts in this district ask two questions in analyzing a fraudulent-misjoinder assertion. The first is whether "one defendant [has] been misjoined with another defendant in violation of the applicable joinder rules." *Centaurus Unity, LP v. Lexington Ins. Co.*, 766 F. Supp. 2d 780, 789 (S.D. Tex. 2011). The second is whether "the misjoinder [was] sufficiently egregious to rise to the level of a fraudulent misjoinder." *Id.* State law applies, but the Texas joinder rules "impose the same requirements as the federal rules." *Id.* at 789 n.27. Texas Rule of Civil Procedure 40 states that claims against multiple defendants may be joined in one action if: (1) "there is asserted against them jointly, severally, or in the alternative any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) at least one "question of law or fact common to all of them will arise in the action." TEX. R. CIV. P. 40(a).

The claims against Sentinel and Watson arise from the same occurrence: the armed robbery of Gold Buyer. The claims against the defendants raise common questions of law and fact, including the extent of Gold Buyer's property losses from the robbery. And even assuming joinder of the claims was improper, the record does not show, and Sentinel does not appear to argue, that the misjoinder was so egregious as to be fraudulent.

The fraudulent-misjoinder theory does not provide a secure basis for removal. If, on remand, the claims are severed, Fifth Circuit precedent makes clear that the diverse defendant may then remove to federal court. *Crockett v. RJ Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006).

## IV. Conclusion

Sentinel has not shown that Gold Buyer has no reasonable possibility of recovering against Watson in state court or that the claims against Sentinel and Watson were fraudulently misjoined.

Because the court lacks diversity jurisdiction, the motion to remand is granted. (Docket Entry No. 6). This action is remanded to the 125th District Court of Harris County, Texas.

SIGNED on March 6, 2016, at Houston, Texas.

>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>> _____
Lee H. Rosenthal
United States District Judge